GEORGE LEASK et al., as Executors of and Trustees under the
Will of HUDSON HOAGLAND, Deceased, Respondents, *v.*
GEORGE RICHARDS, JR., et al., Appellants, ANNA STRAIT et
al., Appellants and Respondents, CLARENCE S. HOAGLAND,
Respondent and Appellant, and MAHLON HOAGLAND et al.,
Respondents.

1. WILL — VALIDITY OF RESIDUARY CLAUSE. A provision in a will
that the residuary estate be divided "among testator's nephews and
nieces" in the proportions which "the respective gifts made to them herein
bear to each other" is not void for uncertainty, when such proportion is
not impossible of ascertainment.

2. DETERMINATION OF THE PROPORTION OF RESIDUE. The earlier
clauses of the will having given to the nephews and nieces (1) specific
bequests of a specified amount; (2) bequests of a specified amount in trust
with income to a life tenant, with remainder to such life tenant's chil-
dren; (3) bequests in trust to those having no children, the principal upon
the death of the life tenant to revert to the residuary estate, the principal
of each trust created should be taken as the sum given upon which the
amount of the proportion of the residue should be determined.

3. WHEN GRANDNEPHEWS INCLUDED AMONG NEPHEWS. Where the
intention of the testator is evident, his grandnephews and grandnieces
may be included among the nephews and nieces entitled to share in the
residuary estate.

*Leask* v. *Richards*, 116 App. Div. 274, affirmed.

(Argued March 8, 1907; decided April 16, 1907.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 13, 1906, which modified and affirmed as modified
a judgment of Special Term construing the will of Hudson
Hoagland, deceased.

The facts, so far as material, are stated in the opinion.

*Richard M. Martin* and *Frank M. Tichenor* for George
Richards, Jr., appellant. If this court decides that the only
interpretation possible is that the various legatees should
receive from the residue gifts of the same kind and nature as
their specific gifts, the " Thirtieth " clause must fail, as clearly

there would be as to part unlawful suspension of the power of alienation, or, rather, failure of all future estates to vest within two lives in being. (*Tilden* v. *Green*, 130 N. Y. 29; *Herzog* v. *T. G. & T. Co.*, 177 N. Y. 92.)

*J. Elmer Melick* and *George C. De Lacy* for Thomas H. Hoagland, appellant. In construing the thirtieth clause of the will the testator's intention must control. (*Covenhoven* v. *Shuler*, 2 Paige, 122; *Crosby* v. *Wendell*, 6 Paige, 548; *Pond* v. *Bergh*, 10 Paige, 140; *Heard* v. *Case*, 23 How. Pr. 546; *Sutherland* v. *Clark*, 61 How. Pr. 310; *McKeon* v. *Kearney*, 57 How. Pr. 349; *Hawn* v. *Banks*, 4 Edw. Ch. 664; *McDonald* v. *Walgrove*, 1 Sandf. 274; *Howland* v. *U. T. Seminary*, 5 N. Y. 193; *Scott* v. *Guernsey*, 48 N. Y. 106.) It is obvious from the other clauses of his will, as well as from the thirtieth clause, that the testator intended that his residuary estate should be divided among such of his living "nephews and nieces" as he had previously remembered in his will. It is likewise obvious from the whole will that the testator did not intend to include his grandnephews and grandnieces in the term "nephews and nieces," and thus permit them also to participate in his residuary estate. (*Matter of Woodward*, 117 N. Y. 522; *Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Shelby* v. *Bryer*, Jac. 207; *Falkner* v. *Butler*, 1 Amb. 514; *Crook* v. *Whitley*, 7 De G., M. & G. 490; *Waring* v. *Lea*, 8 Beav. 247; *Low* v. *Harmony*, 72 N. Y. 408; *Matter of Robinson*, 57 Hun, 395; *Matter of Goble*, 30 N. Y. S. R. 944; *Sanson* v. *Bushnell*, 25 Misc. Rep. 268.) The testator's residuary estate is by his own explicit and positive direction to be divided between his nephews and nieces "in the proportions which the respective gifts made to them herein bear to each other." To divide the residuary estate between them in any other proportions is to make a new will for the testator contrary to his expressed intentions. (*Trask* v. *Sturges*, 170 N. Y. 482; *Crosby* v. *Wendell*, 6 Paige, 548; *Keteltas* v. *Keteltas*, 72 N. Y. 312; *Roe* v. *Vingut*, 117 N. Y. 204; *Matter of Wood-*

*ward,* 117 N. Y. 522.) The method of distribution adopted by the Special Term carries out the testator's intentions as expressed in the thirtieth clause, is both just and equitable and should be sustained as the only true criterion of proportionate distribution in this case. (*Jackson* v. *Edwards,* 7 Paige, 404; *Schell* v. *Plumb,* 55 N. Y. 592; *Hollis* v. *D. D. Seminary,* 95 N. Y. 166; *Sauter* v. *N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 50, 54; *People* v. *S. L. Ins. & Annuity Co.,* 78 N. Y. 114; *Doty* v. *Baker,* 11 Hun, 222; *Smart* v. *Haring,* 14 Hun, 276; *Davis* v. *Standish,* 26 Hun, 608; *Steele* v. *Ward,* 30 Hun, 555; *Matter of Brooklyn Bridge,* 75 Hun, 558.)

*George W. Schurman* for Edwin R. Hurd, appellant. The thirtieth clause of the will is void for uncertainty. (Redf. Surr. Pr. [6th ed.] § 258; 2 Underhill on Wills, 1385, 1386; *Matter of Logan,* 131 N. Y. 461; *Tilden* v. *Green,* 130 N. Y. 29; *Herzog* v. *T. G. & T. Co.,* 177 N. Y. 86; *Van Nostrand* v. *Moore,* 52 N. Y. 12; *Schult* v. *Moll,* 132 N. Y. 122; *Clark* v. *Camman,* 160 N. Y. 315; *Jones* v. *Hand,* 78 App. Div. 56; *Mee* v. *Gordon,* 104 App. Div. 520; *Weeks* v. *Cornwell,* 104 N. Y. 325.) Edwin R. Hurd is included among the "nephews and nieces" referred to in the thirtieth clause of the testator's will. (*Conner* v. *Conner,* 6 App. Div. 594; 155 N. Y. 627.)

*Charles F. Darlington* and *John S. Jenkins* for Frank H. Belknap et al., appellants. The thirtieth clause of the will is void for indefiniteness and uncertainty. (*Weeks* v. *Cornwell,* 104 N. Y. 325; *Kalish* v. *Kalish,* 166 N. Y. 378; *Jackson* v. *Elmendorf,* 3 Wend. 222; *Tilden* v. *Green,* 130 N. Y. 29; *Jackson* v. *Edwards,* 7 Paige, 393; *Matter of Logan,* 131 N. Y. 456; *Van Nostrand* v. *Moore,* 52 N. Y. 18; *Dungamon* v. *Smith,* 12 Cl. & Fin. 599; *Matter of Vowers,* 113 N. Y. 571.) The grandnephews and grandnieces who received legacies are entitled to share in the residuary estate. (*Cromer* v. *Pinckney,* 3 Barb. Ch. 466; *Brower* v. *Bowers,*

1 Abb. Ct. App. Dec. 14; *Bowne* v. *Underhill*, 6 T. & C. 344; *Prowitt* v. *Rodman*, 37 N. Y. 42; *Low* v. *Harmony*, 72 N. Y. 408; *Gelston* v. *Shields*, 78 N. Y. 275; *Sholl* v. *Sholl*, 5 Barb. 312.)

*George Clinton* for Whitfield H. Hoagland, appellant. The decision of the Appellate Division that, under the residuary clause the proportion to be distributed should be reckoned upon the basis of the amounts of the gifts made by the testator, and not upon the values, is correct and the contrary decision of the trial court is erroneous. ( *Weeks* v. *Cornwell*, 104 N. Y. 325.) The Appellate Division and the trial court committed no error in holding that the residuary clause of the will is valid. ( *Weeks* v. *Cornwell*, 104 N. Y. 325.) The Appellate Division erred in holding that the expression " nephews and nieces " as used in the residuary clause, includes " grandnephews and grandnieces" and the decision of the trial court that the residuary clause did not carry beyond nephews and nieces is correct. ( *Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Matter of Woodward*, 117 N. Y. 522.)

*Paul L. Kiernan* for Fannie Swayne et al., appellants. The testator intended, in his use of the words " nephews and nieces," to mean nephews and nieces' families; that is, to include grandnephews and grandnieces and great grandnephews and great grandnieces. The distribution of the residuary estate was to be made on the basis of the value of the individual interests of legatees. (*Roe* v. *Vingut*, 117 N. Y. 212; *Smith* v. *Bell*, 31 U. S. 75; *Weeks* v. *Cornwell*, 104 N. Y. 343.)

*Thomas E. Boyd* for Charles F. Hoagland, appellant. Testator used the words "nephews and nieces " in their ordinary sense and definitely pointed out and named the residuary legatees. (*Matter of Woodward*, 117 N. Y. 522; *Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Brower* v. *Bowers*, 1 Abb. Ct. App. Dec. 214.)

*William H. Hamilton, Samuel W. Bowen* and *Richard J. Kent* for Anna C. Tucker et al., appellants. The children of Mary Benjamin are entitled under the will to such share in the residuary estate as their mother would take if living. (*Marsh* v. *Hague,* 1 Edw. Ch. 172; *Matter of Vowers,* 113 N. Y. 569; *Matter of Jewett,* 5 Misc. Rep. 557.)

*Edgar J. Nathan* for Annie Strait et al., appellants and respondents. It was error to reverse the Special Term conclusion and to hold that the language of the residuary clause included grandnephews and grandnieces. (*Matter of Woodward,* 117 N. Y. 522; *Cromer* v. *Pinckney,* 3 Barb. Ch. 466; *Buzby* v. *Roberts,* 53 N. J. Eq. 566; *Lewis* v. *Fisher,* 2 Yeates, 196; *Brower* v. *Bowers,* 3 Abb. Ct. App. Dec. 214; *Shepard* v. *Shepard,* 57 Conn. 24; *Prowitt* v. *Rodman,* 47 N. Y. 42; *Bowne* v. *Underhill,* 6 T. & C. 344; *Low* v. *Harmony,* 72 N. Y. 408; *Matter of Logan,* 131 N. Y. 456.) The Appellate Division properly held that the trust legacies should be treated as sums given outright in determining the proportions in which nieces should share in the residuary estate. (*Weeks* v. *Cornwell,* 104 N. Y. 325; *Matter of Thompson,* 5 Dem. 393; *Tichenor* v. *Tichenor,* 41 N. J. Eq. 39; *Budd* v. *Budd,* 59 Fed. Rep. 735.)

*T. S. Ormiston* for Cornelia C. Rose, appellant and respondent. The residuary estate should be ordered to be distributed among the nephews and nieces, not including therein any grandnephews or grandnieces, in the proportions the principal sums of money in the will of Hudson Hoagland given to or set aside for the said nephews and nieces respectively bear to each other. (*Matter of Woodward,* 117 N. Y. 522; *Weeks* v. *Cornwell,* 104 N. Y. 325; *Meyer* v. *Cohen,* 111 N. Y. 276; *Johnson* v. *S. G. & L. Co.,* 146 N. Y. 160.)

*Frank L. Holt* for Clarence S. Hoagland, respondent and appellant. If it is held that the thirtieth clause is valid and

that a division of the residuary estate thereunder is practicable, then this defendant contends that as a part of any scheme of distribution, the testator intended that grandnephews and grandnieces who receive legacies, and whose parents are dead, should share in such distribution. (*Weeds* v. *Bristow*, L. R. [2 Eq.] 333; *De Kay* v. *Irving*, 5 Den. 646; 9 Paige, 521; *Burtis* v. *Doughty*, 3 Bradf. 287; *Sherwood* v. *Sherwood*, 3 Bradf. 230; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Lawton* v. *Corlies*, 127 N. Y. 100; *Hillen* v. *Iselin*, 144 N. Y. 365; *Grant* v. *Grant*, L. R. [5 C. P.] 727.) Notwithstanding the rational plan contained in the prior portion of the will and the fact that the Appellate Division has correctly determined the persons entitled to share in the residuary estate, the thirtieth clause having survived from earlier wills of which it may have formed an intelligible part, does not accord with the prior provisions of the present will, and the proportionate amounts to be distributed thereunder cannot be determined; it, therefore, cannot be given effect in connection with such prior provisions and is void. (*Tilden* v. *Green*, 130 N. Y. 51; *Coster* v. *Lorillard*, 14 Wend. 350; *Fargo* v. *Squires*, 6 App. Div. 491; *Weeks* v. *Cornwell*, 104 N. Y. 336; *Matter of Logan*, 131 N. Y. 456; *Van Nostrand* v. *Moore*, 52 N. Y. 18; *Dungannon* v. *Smith*, 12 Cl. & Fin. 599.)

*J. Hampden Dougherty* for plaintiffs, respondents. In construing the residuary clause the Special Term held that, in order to carry out the testator's intention, as expressed in said clause, the value, at the time of his decease, of his gifts to nephews and nieces, should be ascertained and determined according to the mortality tables. This is both a reasonable and lawful construction. (*Schell* v. *Plumb*, 55 N. Y. 592; *Jackson* v. *Edwards*, 7 Paige, 408; *Hollis* v. *D. T. Seminary*, 95 N. Y. 166; *People* v. *S. L. Ins. Co.*, 7 Abb. [N. C.] 198; 78 N. Y. 114; *Ferry Boat D. F. Greyory*, 2 Ben. [U. S.] 239; *Empie* v. *Empie*, 35 App. Div. 55.) The testator intended to give outright to each nephew and niece to or for whom he had theretofore made a bequest, whether of an abso-

lute legacy or a trust fund, a corresponding fraction of his residuary estate. ( *Weeks* v. *Cornwell,* 104 N. Y. 325.) The words "nephews and nieces," in the residuary clause, are to be taken in their primary and ordinary signification. They do not include grandnephews and grandnieces, whether the parents of such grandnephews or grandnieces be living or dead. (*Cromer* v. *Pinckney,* 3 Barb. Ch. 466; *Brower* v. *Bowers,* 1 Abb. Ct. App. Dec. 214; 2 Jarman on Wills, 1006; *Matter of Woodward,* 117 N. Y. 522; *James* v. *Smith,* 14 Sim. 214; *Shepard* v. *Shepard,* 57 Conn. 24; *Shull* v. *Johnson,* 55 N. C. 202; *Buzby* v. *Roberts,* 53 N. J. Eq. 566; *Lewis* v. *Fisher,* 2 Yeates, 196.)

*James Gillin, Jr.,* for Ella D. Garside et al., respondents. It was the evident intention of the testator, as disclosed by his whole will, to divide his residuary estate among his living nephews and nieces and the children of his deceased nephews and nieces in the proportions which the respective gifts made to them in the prior clauses of the will bear to each other. (1 Jarman on Wills, 356; *Drake* v. *Pell,* 3 Edw. Ch. 251; *Pond* v. *Bergh,* 10 Paige, 140; *Terry* v. *Wiggins,* 47 N. Y. 512; *Starr* v. *Starr,* 132 N. Y. 154; *Roe* v. *Vingut,* 117 N. Y. 204.) The circumstances surrounding the bequest to Mary Benjamin in the ninth clause of the will show that it was the evident intention of the testator, in and by the thirtieth clause of his will, to divide his residuary estate among his living nephews and nieces and the children of his deceased nephews and nieces in the proportions which the respective gifts made to them in the prior clauses of the will bear to each other. (*Cromer* v. *Pinckney,* 3 Barb. Ch. 466; *Brower* v. *Bowers,* 1 Abb. Ct. App. Dec. 214; *Shepard* v. *Shepard,* 57 Conn. 24; *Weeds* v. *Bristow,* L. R. [2 Eq.] 333.) The thirtieth clause of the will under consideration is valid and operative. ( *Weeks* v. *Cornwell,* 104 N. Y. 325.)

*Randall H. Ludlow* for Laura B. Hurd, respondent. It was the intention of the testator, appearing from the will and

surrounding circumstances, to include grandnephews and grandnieces who represented the families of deceased nephews and nieces under the term " nephews and nieces" in the thirtieth clause of the will. (*Scott* v. *Guernsey*, 48 N. Y. 106.) It was the intention of the testator to apportion among the beneficiaries who are entitled to the residuary estate their respective shares in proportion to the gifts hereinbefore received, the said beneficiaries to receive their proportions absolutely. (*Arcularius* v. *Sweet*, 25 Barb. 403 ; *Arcularius* v. *Geisenhauer*, 3 Bradf. 64 ; *Weeks* v. *Cornwell*, 104 N. Y. 325 ; *Hard* v. *Ashley*, 117 N. Y. 106.)

*Tracy C. Becker* for Marguerite G. Hoagland, respondent. The thirtieth clause includes all nephews and nieces who have already been given any definite share in the estate and excludes all others from participation in the residue as grandnephews and grandnieces. (*Matter of Woodward*, 117 N. Y. 522.)

HAIGHT, J. This action was brought to obtain a construction of the last will and testament and codicil of Hudson Hoagland, who died on the 30th day of January, 1904.

The testator was a widower and left no children or descendants. He left him surviving one brother and sixteen nephews and nieces and several grandnephews and grandnieces. Many of the nephews and nieces had married and had children, and some had died leaving children. The will contains bequests in favor of all of his nephews and nieces, with the sole exception of his nephew Edwin R. Hurd, who is said to have moved west upwards of fifty years ago, but the will contains a legacy to his daughter. It also contains legacies to a number of grandnephews and grandnieces, children of deceased nephews and nieces, and after making provisions for the surviving brother, and various other persons not necessary to be here considered, provides in the thirtieth clause as follows : " All the rest, residue and remainder of my estate and property, that is to say, all not hereinbefore disposed of, I give, devise

and bequeath to my nephews and nieces, to be divided between them in the proportions which the respective gifts made to them herein bear to each other." It is said that there will be upwards of $1,000,000 distributed under this clause.

It is contended on behalf of Edwin R. Hurd, the testator's nephew who was not remembered in the will, that the residuary clause is void for uncertainty, for the reason that the " respective gifts " to nephews and nieces contained in other clauses of the will are of such a character that it is impossible to ascertain their amount. The clause referred to is very simple in its phraseology, is quite often found in wills, and is so specific and clear in its meaning as to leave little, if any, doubt with reference to the meaning of the testator so far as this question is concerned, It is quite true that a question has arisen with reference to the proportion that each nephew and niece shall take of the residuary estate, but this involves only a question of construction and the proportion is not impossible of ascertainment. We, therefore, conclude that the clause is not void, and that the testator did not die intestate as to his residuary estate.

The bequest to each nephew and niece varies in amount, which, for the purpose of the question now to be discussed, we will divide into three classes. *First*, a direct bequest of a specified sum. *Second*, a bequest to the executors in trust of a specified sum, the income to be paid to a designated nephew or niece during life, and upon the death of the life tenant the principal is bequeathed to such life tenant's children. *Third*, a bequest in trust to the executors of a specified sum, the income to be paid to the life tenant specified, and upon the death of such life tenant the principal to revert to the residuary estate.

It is contended that the nephews and nieces to whom the income of a specified sum has been given during life, are entitled only to the proportion of the residuary estate which the present value of their life estate bears to the amount given to the other nephews and nieces. We do not think that such was the intention of the testator, The words of the residuary

clause import an absolute gift of that portion of the residuary estate which the gifts made to the nephews and nieces bear to each other ; and in determining the amount of the gifts so made to the nephews and nieces, we incline to the view that the principal of each trust created should be taken as the sum given upon which the amount of the proportion of the residue should be determined. *First,* we have specific bequests of a specified amount. *Second,* we have bequests of a specified amount in trust with income to a life tenant, with remainder to such life tenant's children. Here we have a vested remainder in the children of the life tenant which finally disposes of the principal fund set apart in trust. There is, therefore, no apparent reason why such nephew or niece having a family should not be placed on the same footing as to proportion in the residuary estate as a nephew or niece having no children who has been given a specified sum absolutely. The third class of cases pertains to those for whose benefit a trust has been created who have no children to take as remaindermen, and the principal upon the death of the life tenant reverts to the residuary estate. But we think no exception was intended to be made as to those beneficiaries, in so far as their right to share in the residuary estate is concerned. The other nephews and nieces in effect become their remaindermen and their rights should be determined on the basis of the principal set apart for their use, in accordance with the rule adopted by this court in the somewhat analogous case of *Weeks* v. *Cornwell* (104 N. Y. 325).

The remaining question to be determined is as to whether the grandnephews and grandnieces of the testator, children of deceased nephews and nieces to whom bequests have been made in the will, should also be included among the nephews and nieces entitled to share in the residuary estate. This is purely a question of construction depending upon the intent of the testator. We entertain the view that the testator intended to include them, and upon this point we adopt the argument of Justice SCOTT as expressed in the prevailing opinion below.

The judgment should be affirmed, with costs to the parties appearing in this court by attorney and filing briefs, payable out of the fund.

CULLEN, Ch. T., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.