(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

1. JUDGMENT—CONCLUSIVENESS.

Though an order opening a decree of the Surrogate's Court was somewhat contradictory in terms, yet, where its evident purpose was to enable a presentation de novo of all questions, such decree no longer stands as res judicata of the questions considered.

2. WILLS—DESIGNATION OF DEVISEES AND LEGATEES—CHILDREN.

The word "children" must be read in its ordinary sense, unless there be some word or expression within the will to show that testator used it in a broader sense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1080–1086.]

3. SAME—"CHILDREN."

Testator gave one-fifth of his estate in trust, the income to be paid to his brother for life, and on his death the corpus to go to his brother's children and to the children of any deceased child; the grandchildren to take the parent's share. As a substitutionary devise testator provided that, if his brother should die leaving no child or grandchild, the one-fifth part of his estate should go to the "children" of his sisters thereinbefore mentioned. Held, that the word "children," in the substitutionary devise, did not include grandchildren of the sisters, but was used in its ordinary sense only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1080–1086.

For other definitions, see Words and Phrases, vol. 2, pp. 1126, 1140; vol. p. 7601.]

4. SAME—PRESUMPTION AGAINST DISINHERITANCE.

The presumption that a testator does not intend to disinherit a descendant of himself or the primary object of his bounty does not apply, to enlarge the meaning of the word "children" so as to include grandchildren, in favor of persons who are grandnephews, not grandchildren, of testator, and where the question is presented in respect to a substitutionary devise or bequest.

[Ed. Note.—For cases in point, see Cent. Dig. 49, Wills, §§ 1080–1086.]

5. SAME.

To give effect to the presumption that a testator did not intend to disinherit a descendant of himself or the primary object of his bounty, there must be some word or expression in the will that the court may seize hold of to prevent disinheritance.

Appeal from Surrogate's Court, Westchester County.

In the matter of the accounting of Martin J. Keogh, as surviving trustee under the will of David Jones, deceased. From a decree of the Surrogate's Court denying a right to participate in the trust fund, there was an appeal by the Title Guarantee & Trust Company, as committee of the estate of Chandler D. Starr, an incompetent person, and by Walter D. Starr, individually and as administrator of the estate of Mary C. D. Starr, deceased. Affirmed.

See 112 App. Div. 414, 98 N. Y. Supp. 433.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Barclay E. V. McCarty, for appellants.

James L. Bishop (Charles M. Cannon and Wilfrid N. O'Neil, on the brief), for respondents Haviland and Dannat.

MILLER, J. We are again called upon to construe the sixth paragraph of the will of David Jones, deceased. See Matter of Keogh, 112 App. Div. 414, 98 N. Y. Supp. 433; Id., 186 N. Y. 544, 79 N. E. 1109. Said paragraph is set forth in full and the relation of the parties is stated in the opinion in that case. The daughter of Susan J. Dannat, who predeceased the life beneficiary of the trust created by the said sixth paragraph, left two children, Chandler D. Starr, an incompetent person, and Walter D. Starr. After the affirmance of our order by the Court of Appeals, the committee of the incompetent and the administrator of said deceased daughter of Susan J. Dannat were made parties to the proceeding, and the modified decree entered on our decision was opened for the purpose of enabling them to present the question of their right to share in said trust fund. The surrogate held, upon the authority of said prior decision, that they had no such right, and said committee and Walter D. Starr, individually and as said administrator, now appeal.

The point is made by the respondents that the question is res adjudicata. While the order opening said decree is somewhat contradictory in terms, we think its evident purpose was to enable said committee to present de novo all questions respecting the rights of the said incompetent, and that, whatever may be the status of the said Walter D. Starr, the prior decree no longer stands as an adjudication of the rights of said incompetent. We do not discuss the question at length, as we have concluded that the decree appealed from should be affirmed in any event.

Upon the prior appeal the only questions presented or considered were the three stated in the opinion. It was assumed that the right of said Chandler D. Starr and Walter D. Starr to share in said trust fund depended on whether the remainders vested on the death of the testator, and that they would take, if at all, under their mother, and not directly under the will. It is now urged that the word "children," in the last part of said sixth paragraph, should be construed to include grandchildren. Both sides find comfort in our former opinion, and urge expressions therein in support of their respective contentions. But whatever was said by us had reference solely to the three questions then under consideration. We assumed that the said word "chil-

dren" was used by the testator in its primary significance, and, while in effect the decree directed so adjudged, the precise question was not considered. We found in the will evidences of a general testamentary scheme to preserve equality among the sisters and brother of the testator and their respective branches of the family; but whatever was said on that subject had reference solely to the question whether the children of the testator's sisters would take distributively or by classes under the substitutionary bequest or devise. We held that they took by classes, because we thought that was the plain meaning of the words, "the child or children of each to take an equal portion thereof." The interpretation of that clause according to its grammatical construction was the more readily adopted because of said general scheme; but, had said clause been omitted, we would probably have reached a different conclusion.

The words of substitutionary bequest or devise are the following, viz.:

"In case my said brother John J. Jones shall die leaving no child, children, grandchild or grandchildren him surviving, I direct the said trustees then to grant, convey, transfer and deliver over the said remaining one-fifth part of my estate so given to them in trust as last aforesaid, together with any income thereof remaining in their hands, to the children of my sisters hereinbefore mentioned, the child or children of each to take an equal portion thereof."

The word "children" must be read in its ordinary sense, unless we can find some word or expression within the four corners of the will to show that the testator used it in a broader sense. Pimel v. Betjemann, 183 N. Y. 194, 200, 76 N. E. 157, 2 L. R. A. (N. S.) 580. It is not enough that we find in other parts of the will evidences of a general testamentary scheme, or that we may imagine that if the testator had considered the matter more carefully he would have used a word of broader significance We are to interpret, not make, his will, and we must construe the language used by him in its primary and usual sense, unless we can point to some word or expression showing a broader meaning. In providing for a substitutionary bequest or devise, the testator could depart from his general scheme; and, while we consider such scheme in construing the particular clause, alone it is not enough to warrant a departure from the ordinary sense of the words used. It must be conceded that there is not a single word in the clause under consideration indicating that the word "children" was meant to include grandchildren.

It is argued that by substituting the word "as" before the words "hereinbefore mentioned" such a meaning can be obtained. But it is plain that said words "hereinbefore mentioned" refer to "sisters," not "children," especially when considered in connection with the words "herein mentioned" in the similar preceding paragraphs of the will. While there is nothing to indicate that the word "children" was intended to include grandchildren, there is much to indicate that it was not. The testator had provided that, upon the death of the life beneficiary leaving descendants, the remainder should go to such descendants per stirpes, and had used the words "child, children, grandchild or grandchildren"; but in case there were none surviving he said the

remainder should go to the "children" of his said sisters. Throughout said paragraph the testator used words with precision and in correct grammatical construction, and the fact that he used the words "grandchild" and "grandchildren" in providing for the primary object of said bequest and devise, but omitted to use them when he came to the words of substitutionary bequest or devise, reinforces the view that the word "children" was used in its ordinary sense.

We said in our former opinion, adopting the language of the learned surrogate, that "the testator stood in the attitude of parent to his brother and sisters"; but, when he came to said substitutionary bequest or devise, he provided that it should go not to the surviving sisters or their descendants, but to the "children" of said sisters, and the argument that would require grandchildren to be included would equally require the sisters themselves to be included. We think it plain that the language used, construed with reference to its context, shows that in respect of the question under consideration the testator departed from the general scheme of his will; but in any view we are not able to find anything in the will to show that he did not use the word "children" in its primary significance, and we cannot arbitrarily say that he did not.

The cases relied upon by the appellant confirm, rather than weaken, this conclusion. The presumption that a testator does not intend to disinherit a descendant of himself, or the primary object of a bequest or devise, does not apply, for the reasons already stated. Said Chandler D. Starr and Walter D. Starr are grandnephews, not grandchildren, of the testator, and, as stated, the question is presented in respect of a substitutionary devise or bequest. But, even if said presumption applied, some language would have to be found to give it effect. See Leask v. Richards, 116 App. Div. 274, 101 N. Y. Supp. 652; Id., 188 N. Y. 291, 80 N. E. 919; Matter of Estate of Brown, 93 N. Y. 295; Low v. Harmony, 72 N. Y. 408; Scott v. Guernsey, 48 N. Y. 106; Prowitt v. Rodman, 37 N. Y. 42. In all of those cases the court was able to seize hold of some word or expression in the will to prevent disinheriting the descendants of the testator and of the primary object of his bounty. Two constructions being possible, the one was chosen which did not have that effect.

In the case at bar only one construction is permissible, and that requires us to affirm the decree appealed from.

Decree of Surrogate's Court of Westchester county affirmed, with taxable costs to all parties, payable out of the estate. All concur.