Matter of the Final Judicial Settlement of the Accounts of BENJAMIN F. PETHERAM, as Substituted Trustee under the Trust Created by the Will of FANNY JEWETT, Late of Skaneateles, New York, Deceased.

(Surrogate's Court, Onondaga County, October, 1916.)

Children — meaning of term — trusts — life tenants — accounting — trustees.

It is well settled that the term "children" does not include grandchildren, or more remote descendants, unless there is something in the will to show that the word was used in a broader sense.

Testatrix gave her residuary estate both real and personal to her executors in trust to hold and manage the realty and receive the rents, issues and profits thereof, with a discretionary power of sale over the real estate or any part thereof, and also to take and hold the personalty and convert it into money and invest and reinvest the proceeds of both the real and personal estate in such securities and at such rate of interest as they might deem proper and to pay the net income therefrom and the net rents and profits of the real estate, until sold, to a grandson of testatrix, during his life, annually or on his yearly demand upon his executing receipts therefor, and at his death to transfer the real estate, if unsold, and its proceeds, if sold, and the corpus of the trust fund to his lawful child or

children, if any him surviving. The life tenant died leaving
him surviving a son and two grandchildren children of a
deceased son who was living at the time testatrix died.   Held,
it was the intention of the testatrix that the term "lawful child
or children" should include only the children surviving at the
death of the life tenant, and that his surviving son was entitled
to the whole of the trust fund, subject to trustee's commis-
sions and the costs and expenses of the judicial settlement of
his accounts.

PROCEEDING upon the final judicial settlement of the
accounts of a substituted trustee.

F. E. Stone, for trustee.

Ceylon H. Lewis, for Edward T. Jewett.

Rosendale, Hessberg, Dugan & Haines, for Cather-
ine Jewett Faust and for P. C. Dugan, as Special
Guardian of Freeborn G. Jewett, 3d.

SADLER, S.    Fanny Jewett, the testatrix, died April
7, 1867, a resident of the village of Skaneateles, this
county. She left a will which was admitted to probate
by the Surrogate's Court of this county on the 6th
day of June, 1867.   Benjamin F. Petheram, the peti-
tioner in this proceeding, is the qualified and acting
trustee of the trust created in her will.   The event has
now occurred which terminates the trust, viz., the
death of the life tenant, and the trustee has in his
hands a fund of $24,390.29 to be distributed under the
terms of the will.

The will among other things provides that the resi-
due of her estate, both real and personal, shall go to
her executors in trust " for the following uses, pur-
poses and trusts, and for none other whatever, viz.,
to take possession of, hold, let and manage the said
real estate and receive the rents, issues and profits

Surrogate's Court, Onondaga County, October, 1916.    [Vol. 97.

thereof, and sell the said real estate, or any part thereof, in their discretion, and also to take and hold the said personal estate and convert the same into money, and invest and reinvest the proceeds of said real and personal estate, on such real or personal or other securities as they may deem proper, and at such rate of interest as they may deem proper, and to pay the net income therefrom and the net rents and profits of said real estate (until sold) to my grandson aforesaid, for and during his natural life, yearly on a personal demand each year by him and on his executing receipts therefor, *and at his death to transfer said real estate, if unsold, and its proceeds, if sold, and all the trust fund created by this section, to his lawful child or children, if any him surviving.*"

The life tenant, Freeborn G. Jewett, is now deceased, having left him surviving his son, Edward T. Jewett, and two grandchildren, Catherine Jewett Faust and Freeborn G. Jewett, 3d, who are children of a deceased son, Freeborn G. Jewett, Jr., who was living at the time the testatrix died.

The claim is made by Edward T. Jewett that he is entitled to the entire estate for the reason that he is the sole surviving child of Freeborn G. Jewett. The said grandchildren contest this claim and urge that the words " lawful child or children, if any him surviving," include grandchildren, so that one-half of said fund should go to Edward T. Jewett and the other one-half to them.

The law seems to be well settled that the term " children " does not include grandchildren or more remote descendants unless there is something in the will to show that the word was used in a broader sense. A careful examination of the will leads to the conclusion that the testatrix intended to use the term

" lawful child or children " in its primary sense, and that she did not mean that grandchildren should be included. If it was her intent to include any other persons than would be included by the term " child," as used in its primary sense, she would undoubtedly have used some such term as grandchildren, descendants, heirs at law, next of kin or lawful issue. The term " lawful child or children " cannot be interpreted to include grandchildren unless we are able to find such an intention on the part of the testatrix from other expressions or clauses in the will. In this will I am unable to find such an intention. On the contrary, I am of the opinion that careful reading of the will and codicil leads to the conclusion that it was the intention of the testatrix that the term " lawful child or children " should include only the children (used in its primary sense) surviving at the death of the life tenant.

The following cases seem to be controlling on the proposition that the term " lawful child or children " used in this will was used in its primary sense, and that it did not include grandchildren. *Pimel* v. *Betjemann,* 183 N. Y. 200; *Matter of Truslow,* 140 id. 603; *Matter of Keough,* 126 App. Div. 285; *Davies* v. *Davies,* 129 id. 383; *Patchen* v. *Patchen,* 121 N. Y. 433.

The claim that Freeborn G. Jewett, Jr., took a vested interest as remainderman at the death of the testatrix is not sustained. The duty which the will imposes upon the trustee is clear, definite and certain, that is, to distribute the remainder when the trust is terminated by the death of the life tenant to the surviving child or children of Freeborn G. Jewett. The language used by the testatrix indicates clearly to my mind that she did not intend that the remainder should vest upon her death in the then lawful child or

20

Surrogate's Court, Chemung County, October, 1916.    [Vol. 97.

children of Freeborn G. Jewett, but should be postponed until the time for distribution had arrived, and then to vest in such persons as answer to the description, "who survive." Futurity is annexed to the substance of the gift. Survivorship at the time of distribution is an essential condition to the acquisition of interest in the subject of the gift. There is not a direct gift to the "lawful child or children," but simply a direction for division among them after the death of the life tenant, and the vesting could not take place until that time had arrived. Time is the essence of the gift. *Matter of Baer*, 147 N. Y. 352; *Delafield* v. *Shipman*, 103 id. 467; *Patchen* v. *Patchen*, 121 id. 434.

Decree of final settlement and distribution may be entered, adjudging that Edward T. Jewett is entitled to the whole of this trust fund, and directing the trustee to pay the same to him, subject to the trustee's commissions and the costs and expenses of this proceeding.

Decreed accordingly.